Terry L. HICKS, Petitioner,

v.

Robert HOOD, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.

No. 02–316–HA.

United States District Court, D. Oregon.

April 2, 2002.

Kenneth C. Bauman, United States Attorney's Office, Portland, OR, for Robert Hood.

Stephen R. Sady, Office of the Federal Public Defender, Portland, OR, for Terry L. Hicks.

## OPINION AND ORDER

HAGGERTY, District Judge.

The petitioner in this case is seeking an immediate release to community corrections to complete his drug treatment program (DAP) and complete the requirements for his early release pursuant to 18 U.S.C. § 3621(e). The Bureau of Prisons (BOP), which three times found the petitioner eligible for the § 3621 sentence reduction (subject to successful completion of the program), revoked the petitioner's eligibility barely four weeks before he was scheduled to be transferred to community corrections. The petitioner alternatively argues (1) that the BOP did not follow its own rules in when it changed his eligibility status: (2) that the underlying justification for the belated disqualification violates Fed.R.Crim.P. 32 and the Due Process clause: (3) that the BOP's reinterpretation of its rule was improperly applied retroactively; and, (4) that the government should be estopped from revoking its determination of eligibility.

The government argues (1) that the court lacks jurisdiction because the petitioner has not exhausted his administrative remedies; (2) that the BOP had discretion to deny eligibility; (3) that estoppel cannot lie against the government in this case; and, (4) that the BOP was merely correcting a mistake in that the petitioner was never eligible for early release.

### BACKGROUND

The petitioner was convicted of money laundering and sentenced to 84 months in

prison. The PSI originally contained the following passage under The Offense Conduct:

As a result of the information received, on June 12, 1997, a search warrant was executed at Hicks' business, ... and $9,386 in currency and 142 pounds of marijuana were seized. Investigators also found a loaded .45 caliber revolver and a box of .45 ammunition.

The petitioner objected to this, and the objection was noted by the PSI writer as follows:

One of the non-scoring objections is regarding the .45 calibre revolver which was seized at the time [of the search]. On that day, officers did find a .45 caliber revolver. This was not found at Hicks' place of business. This revolver and marijuana were found in a building that was reported to be leased to Hicks.

The sentencing court did not rule on the objection, and the probation officer concluded that the "Court did not rule based on non-scoring matters."

The petitioner arrived at Sheridan Prison Camp and applied for the residential treatment program. On July 31, 1998, the BOP determined that the "instant offense is not a crime that excludes him ... from early release." The determination form also contained the following condition which the petitioner acknowledged:

Understand that nearing the time of your release, the warden will determine if you are eligible for transfer to a community-based program. If you are not eligible, you cannot complete the community transitional services portion of the drug program, and therefore, you may not receive a § 3621(e) release.[1]

The petitioner entered the program on June 14, 1999. The petitioner's case was reviewed near the end of the year-long residential portion of the program, and he was again found to be eligible for early release. The BOP found that his current offense was "not an excluding crime by the director's discretion in categorization of offenses policy." Based on this assessment, the DAP coordinator made a request on April 19, 2000, to adjust the petitioner's projected release date to reflect the eligibility for the sentence reduction. On April 24, 2000, that sentence adjustment was approved and an expedited request for community corrections (CCC) placement was made. The petitioner completed the residential program and was scheduled to transfer to a CCC in January, 2002, and be released on July 18, 2002.

On December 18, 2001, the National DAP coordinator "denied early release due to the instant offense under Director's Discretion." No further explanation was included.

The petitioner made every attempt to determine the basis for the change in his eligibility status, and has apparently exhausted each administrative remedy as it has become available. It was finally determined that the decision was based on the

introductory section 7c of P.S. 5162.04 Categorization of Offenses that states that inmates with 18:1956 convictions that ... involve the possession of a weapon shall be precluded from early release benefits. You had a weapon in your possession.

The petitioner then filed this action. Also, as argued by petitioner, it does not appear that he can obtain any further administrative review of the DAP Coordinator's decision.

1. This paragraph stating that the warden will review early release eligibility was included in all determination forms on which early release eligibility was found.

## DISCUSSION

█ The BOP argues strenuously that this court lacks jurisdiction to rule on this case because the petitioner has not exhausted his administrative remedies. Although Congress has specifically required exhaustion under the Prison Litigation Reform Act (PLRA), *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), and under the Antiterrorism and Effective Death Penalty Act (AEDPA), neither the PLRA nor the AEDPA expressly apply to habeas corpus petitions filed pursuant to 28 U.S.C. § 2241. Therefore, exhaustion of administrative remedies does not appear to be jurisdictional in this case. Further, the petitioner in this case has done everything within his power to expedite proceedings and pursue his administrative remedies, and with each passing day loses the benefit of his eligibility for early release. This petition is properly before the court.

█ The crime of money laundering is listed under section 7c of Program Statement 5162.04, Categorization of Offenses. Section 7c states:

> For the offenses listed below, the Sentencing Guidelines may provide little insight into the court's findings. Accordingly, rather than simply examining the base offense level or the specific offense characteristics, case managers must carefully examine the entire Offense Computation section of the PSI and, if necessary, the Offense Conduct section to determine if the offense would preclude an inmate's receiving certain Bureau Program benefits based on whether the offense satisfies the standard listed in the introductory portion of Section 7.

The relevant introductory portion of Section 7 precludes program benefits to "inmates whose current offense is a felony that ... involved the carrying, possession, or use of a firearm."

In this case, the DAP coordinator must have relied on the original PSI language, which was objected to by the petitioner and which objection was not resolved during sentencing. The petitioner argues that the language in the PSI cannot support the conclusion that his offense of money laundering involved the possession of a firearm because his objection was not resolved. The adoption of the PSI by the court, with conflicting statements about the weapon and with an explicit notation that the objection was not resolved, does not clarify the issue.

On its face, the PSI contains the uncontested fact that a .45 caliber firearm was found during a search. Everything else pertaining to the firearm is unresolved. This is simply not enough to support a conclusion that the petitioner's offense of money laundering involved the possession of a firearm. The BOP's contrary finding was necessarily an abuse of discretion because it was not supported by any credible evidence. The lack of evidence to support the DAP Coordinator's decision makes it unnecessary to address the petitioner's alternative arguments.

## CONCLUSION

Review of the petitioner's likely success on the merits has demonstrated that the petitioner would ultimately succeed. Further argument or briefing would serve no purpose. Therefore, the petitioner's petition (# 1) for habeas corpus relief is granted. The BOP shall transfer the petitioner to community corrections as soon as practicable. The petitioner's motion (# 5) for immediate transfer pending disposition is denied as moot.